UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
LOUIS GAISO,

        Plaintiff,

  -against-                    **MEMORANDUM AND ORDER**
                                 15-CV-01057 (FB)
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                      *For the Defendant:*
HAROLD SKROVRONSKY, ESQ.     ROBERT L. CAPERS, ESQ.
1810 Avenue N                         United States Attorney
Brooklyn, New York 11230         RACHEL G. BALABAN, ESQ.
                                             Assistant United States Attorney
                                             Eastern District of New York
                                             271 Cadman Plaza East
                                             Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Louis Gaiso ("Gaiso"), a former middle school math teacher, seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act (the "Act"). Both parties move for judgment on the pleadings. The ALJ's decision is supported by substantial evidence. The Commissioner's motion is granted and Gaiso's motion is denied.

# I.

On August 1, 2012, Gaiso filed an application for Disability Insurance Benefits. Gaiso alleged disability from depression and anxiety as of January 1, 2010. After the Social Security Administration denied his application, Gaiso had a hearing before an Administrative Law Judge ("ALJ") on December 12, 2013.

In a written decision issued on April 24, 2014, the ALJ concluded that Gaiso was not disabled. Applying the familiar five-step process,[1] the ALJ first determined that Gaiso had not engaged in substantial gainful activity since January 1, 2010. Second, the ALJ found that he suffered from alcohol dependence, major depressive disorder and generalized anxiety disorder. Third, the ALJ determined that his impairments did not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404 Subpart P, Appendix 1 (the "Listing"). Next, the ALJ considered all of Gaiso's impairments, including substance use disorder, and found that Gaiso had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but

---

[1] Social Security Administration regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, [] (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant in the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater,* 221 F.3d 126, 132 (2d Cir. 2000).

with the following nonexertional limitations:

> Gaiso cannot:
> [i] maintain a regular schedule;
> [ii] make appropriate decisions;
> [iii] relate to others; or
> [iv] deal with stress.

AR 60. Applying that RFC to the remaining steps, the ALJ ruled that Gaiso was unable to perform any past relevant work and there were no jobs in the national economy that he could perform.

But because Gaiso had a substance use disorder, the ALJ was required to determine if it was a contributing factor material to the determination of disability. The ALJ found that if Gaiso stopped drinking alcohol, his RFC would allow him to perform a full range of work at all exertional levels with the following nonexertional limitations:

> [i] limited to understanding, remembering and carrying out simple instructions;
> [ii] maintaining attention and concentration for simple, routine tasks; and
> [iii] working in a low stress environment meaning only occasional decision-making and judgment, occasional changes in the work setting, procedures and skills, and occasional interact with supervisors and coworks and no interaction with the general public.

AR 64. Applying this RFC, the ALJ ruled that Gaiso was still unable to perform past

3

relevant work, but could perform other work that exists in significant numbers in the national economy. As such, the ALJ determined that "substance use disorder is a contributing factor material to the determination of disability because [Gaiso] would not be disabled if he stopped the substance use." AR 66.

The Appeals Council subsequently denied Gaiso's request for review, rendering final the Commissioner's decision. Gaiso timely sought judicial review. Gaiso contends that substance abuse is immaterial because he is totally disabled from his impairments and unable to work.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). In determining "whether the agency's findings are supported by substantial evidence, 'the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal citations omitted). Once an ALJ makes a finding of fact, the reviewing court can reject those facts "only if a reasonable factfinder would
4

have to conclude otherwise." *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012).

An applicant is "disabled" under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act precludes payment of benefits if alcoholism or drug addiction are a contributing factor material to a determination of disability. *See* 42 U.S.C. § 423(d)(2)(c). Substance use is material if the claimant would not be found disabled if he were to stop using alcohol or drugs. *See* 20 C.F.R. § 404.1535(b)(1).

Notably, the Second Circuit has clearly held that the *claimant* must demonstrate that substance abuse is not a contributing factor material to disability. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 120 (2d Cir. 2012) ("The ALJ did not err in denying Cage benefits, because SSI applicants bear the burden of proving that they would be disabled in the absence of [substance abuse], and substantial evidence supported the ALJ's finding that Cage would not be disabled absent [substance abuse]") (emphasis supplied); *Wehrhahn v. Colvin*, –F.Supp.3d–, 2015 WL 3961097 (D.Conn. 2015).

Substantial evidence supports the ALJ's determination that Gaiso's substance use is material. For example, Dr. Anne Skamai ("Skamai"), the Commissioner's consultative physician, reported that Gaiso was intoxicated during his examination

5

because he had three "vodka and tonic cocktails" before he arrived. AR 215. Skimai confirmed diagnoses of Gaiso's anxiety and depression and found that Gaiso's impairments were caused by substance abuse, depression, anxiety, and cognitive deficits.

In 2013, Gaiso sought treatment from psychologist Dr. Howard Honigman ("Honigman"), who encouraged him to enroll in a twelve-step program to manage his alcohol abuse. Honigman's notes indicate that Gaiso's drinking undermined his ability to keep his job.

During the administrative hearing, Gaiso testified that he sleeps all day, which causes him to be excessively absent from work and has made maintaining work difficult. He denied that drinking caused his employment problems. However, when further questioned about his drinking, Gaiso acknowledged problems in the past, but stated he was "mostly sober" since September 2010, although he drank for "about four to five months." AR 39. Gaiso stated that drinking was "self-medication." AR 43.

Gaiso contends that the opinion of his treating physician, Dr. Alan Kouzmanoff ("Kouzmanoff"), who he saw in 1996, should have been accorded more significant weight. But the ALJ acted within its discretion when discounting Kouzmanoff's opinion that Gaiso did not suffer from a substance-use disorder because Gaiso only met with Kouzmanoff once and the rest of their interactions were over the phone. AR 36; *see* 20 C.F.R. § 404.1527(c)(i); *Casey v. Astrue*, 503 F.3d 687, 693 (8th Cir. 2007)

(holding that the "ALJ acted within the acceptable zone of choice in declining to give [the treating physician's] opinion controlling weight" because of the infrequent nature of treatment). Skimai observed that Gaiso's treatment by Kouzmanoff was akin to Giaso having "a pyschiatrist's acquaintance . . . who sends him Prozac by mail." AR 214.

Gaiso proffered no further evidence to establish the immateriality of his drinking. At most, he attempted to minimize the amount he drank. Gaiso failed to meet his burden. *See Cage*, 692 F.3d at 124(citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5(1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.")).

## III.

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is granted, the final judgment to deny benefits under the Social Security Act is affirmed, and Gaiso's complaint is dismissed.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 7, 2015